| | |
|---|---|
| **JOSHUA GILLUM** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-934** |
| **SHERIFF NORMAND, et al.** | **SECTION: "G" (4)** |

## ORDER

Before the Court is a Motion to Dismiss or Alternatively Motion for Summary Judgment[1] filed by Defendants Joseph P. Lopinto, Jr., Sheriff of Jefferson Parish, and Newell Normand, the former Sheriff of Jefferson Parish (collectively, "Defendants").[2] In this case, *pro se* Plaintiff Joshua Gillum ("Plaintiff") brings federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that police used excessive force during his previous arrest. In the instant motion, Defendants argue that there is no dispute of material fact and Plaintiffs' claims should be dismissed as a matter of law.[3] The pending motion was filed on October 26, 2018, and set for submission on November, 21, 2018.[4] Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed any opposition to the motion, timely or otherwise. This Court has authority to grant a motion as unopposed, although it is not required to do so.[5] Having considered the motion, the memorandum in support, the record, and the applicable law,

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 15.

[3] Rec. Doc. 15-1 at 1.

[4] Rec. Doc. 15-3.

[5] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

the Court will grant the motion.

## I. <u>Background</u>

In the Complaint, Plaintiff alleges that on January 31, 2017, he was riding his bicycle on Airline Highway in Kenner, Louisiana.[6] Plaintiff alleges that multiple police officers approached him, with guns drawn, but did not communicate why they were approaching.[7] Plaintiff avers that he fled from the officers, first on bicycle, then on foot.[8] Plaintiff alleges that he was eventually bitten in the right leg by a police dog and that the police subsequently handcuffed him.[9] Plaintiff contends that while he was still on the ground with his hands cuffed behind his back, officers proceeded to punch and kick him in his head, chest, and stomach.[10] Plaintiff alleges that following the arrest, he was taken to University Hospital for treatment before being booked in jail.[11] According to Plaintiff, he eventually pled guilty to resisting arrest, but the charges for burglary and battery on an officer were dismissed.[12]

Plaintiff filed the instant case on January 31, 2018.[13] The Court set five scheduling conferences in this matter, but each time the Court's case manager was unable to contact Plaintiff

---

[6] Rec. Doc. 1 at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 3.

[13] Rec. Doc. 1.

and Plaintiff failed to attend the conference.[14]

On September 14, 2018, in light of the Court's inability to contact Plaintiff or conduct a scheduling conference, the Court issued an order for Plaintiff to show cause by October 12, 2018 why this matter should not be dismissed for Plaintiff's failure to prosecute.[15] On October 12, 2018, Plaintiff filed a response to the order to show cause, stating that he did not contact the Court for the scheduled status conferences because he has no attorney, his phone was stolen and his replacement phone was broken, and he was unable to make phone calls while he was at work.[16] Plaintiff stated that he was in the process of hiring an attorney and needed 30 days for the attorney to review his case so that he may proceed.[17]

Defendants filed the instant motion on October 26, 2018.[18] Plaintiff did not file an opposition.

## II. Parties Arguments

### A. Defendants' Arguments in Support of the Motion

Defendants lay out a factual account of the arrest that differs from Plaintiff's account in the complaint.[19] Defendants assert that on January 31, 2017, Jefferson Parish Sheriff's Office ("JPSO") Detective Kister was on patrol and observed Plaintiff dismount a bicycle and begin

---

[14] Rec. Docs. 9–13.

[15] Rec. Doc. 13.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 15.

[19] Rec. Doc. 15-1 at 3 (citing generally Rec. Docs. 15-5, 15-6).

pulling on door handles.[20] Defendants allege that Detective Kister summoned JPSO Deputy Mehrens to the scene to assist and that Deputy Mehrens decided to make an investigatory stop after observing Plaintiff.[21] Defendants assert that as Deputy Mehrens approached Plaintiff, he fled on his bike and then on foot.[22] Defendants assert that while fleeing, Plaintiff discarded the black backpack that he was carrying and climbed over a fence into a backyard and eventually hid under a house.[23]

Defendants assert that Deputy Mehrens requested a canine unit to assist in arresting Plaintiff and that in response, JPSO Deputy Champagne arrived on the scene with Canine Doerak.[24] Defendants assert that Canine Doerak was deployed and made contact with Plaintiff under the house, but that Plaintiff remained under the house where he punched and pulled at the jaws of Canine Doerak.[25] Defendants assert that after backup arrived, Deputy Champagne retrieved Canine Doerak from under the house, believing that Plaintiff would continue to fight with the dog.[26]

Defendants assert that Deputy Mehrens and JPSO Deputy Broussard continued to order Plaintiff to come out from under the house.[27] Defendants assert that Plaintiff eventually came out

---

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.* (citing Rec. Doc. 15-7).

[25] *Id*. at 3–4 (citing Rec. Doc. 15-7).

[26] *Id.* at 4 (citing Rec. Doc. 15-7).

[27] *Id.*

from under the house, but began kicking Deputy Mehrens and tucked his right hand under his body so that he could not be placed in handcuffs.[28] Defendants assert that Deputy Mehrens gained control of Plaintiff's right hand using a "wrist lock compliance technique" and that Plaintiff was then placed in handcuffs.[29]

Defendants assert that Plaintiff was arrested for resisting an officer, resisting an officer by flight, and battery of a police officer in addition to the underlying burglary charge.[30] Defendants assert that on June 15, 2017, Plaintiff pled guilty to the charges of resisting an officer and battery of an officer.[31]

Defendants argue that Plaintiff's claims against Sheriff Lopinto and Sheriff Normand in the instant case should be dismissed under Federal Rule of Civil Procedure 12(c), or in the alternative, the Court should render summary judgment in favor of Defendants under Federal Rule of Civil Procedure 56.[32] Defendants submit that (1) it is not pleaded, and it is not true that former Sheriff Normand participated directly in the subject arrest, (2) it is not pleaded and it is not true that any alleged Constitutional deprivation was motivated by official policy, and (3) Plaintiff's claims otherwise fail because they are *Heck* barred.[33]

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.* at 4–7.

[33] *Id.* at 1.

Regarding Plaintiff's claims against Sheriff Normand in his individual capacity, Defendants assert that Plaintiff has not met the heightened pleading requirement of Section 1983 as Plaintiff does not allege "specific conduct and actions giving rise to constitutional violations."[34] Defendants assert that "there is no allegation in Plaintiff's Complaint, nor any evidence to suggest that Sheriff Normand participated directly in the alleged use of force," and therefore the claims against Sheriff Normand should be dismissed.[35]

Regarding Plaintiff's claims against Sheriff Lopinto in his official capacity, Defendants assert that federal law does not allow for vicarious liability under a theory of *respondeat superior*.[36] Instead, Defendants argue that a municipality can only be held liable when an official policy or custom inflicts the injury of which the plaintiff complains.[37] Thus, Defendants assert that Plaintiff has the burden of proving that there was a constitutional deprivation and that municipal policy was the driving force behind the constitutional deprivation.[38] Specifically, Defendants argue that Plaintiff fails to prove their was a policy that led to a constitutional deprivation because (1) Plaintiff does not identify any generally applicable statement of policy promulgated by the Sheriff; (2) Plaintiff does not allege or show any pattern of unconstitutional conduct similar to the conduct alleged in this case; and (3) Plaintiff does not plead any facts, nor is there any evidence to suggest

---

[34] *Id.* at 10 (citing *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2003)).

[35] *Id.* at 11–12.

[36] *Id.* at 12 (citing *Price v. Housing Authority of New Orleans*, 2002 WL 179193 (E.D.La. Oct. 11, 2002)).

[37] *Id.* (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).

[38] *Id.* (citing *Monell*, 436 U.S. at 694).

that Sheriff Lopinto was deliberately indifferent to a known and obvious need to train any deputies.[39]

Finally, Defendants state that Plaintiff's Section 1983 claims of excessive force in the instant case are barred under *Heck v. Humphrey* because they necessarily imply the invalidity of his convictions for resisting arrest and battery on a police officer, and those convictions and charges have not been set aside.[40] Defendants also state Plaintiff's state law claims are barred for the same reason.[41]

**B.      *Plaintiffs' Arguments in Opposition to the Motion***

Plaintiff has not filed an opposition to the motion. The motion was set for hearing on November 21, 2018.[42] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. Accordingly, this motion is deemed unopposed.

<u>**III. Legal Standard**</u>

**A.      *Legal Standard for Dismissal Under Federal Rule of Civil Procedure 12(c)***

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[43] "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in

---

[39] *Id.* at 15–16.

[40] *Id.* at 19 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

[41] *Id*. at 22–23.

[42] *See* Rec. Doc. 15.

[43] Fed. R. Civ. P. 12(c).

dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[44] "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[45] On a 12(c) motion, "[p]leadings should be construed liberally," and judgment is "appropriate only if there are no disputed issues of fact and only questions of law remain."[46] Moreover, the Court "may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[47] In lieu of dismissal on a motion for judgement on the pleadings, a district court may grant a plaintiff leave to amend the complaint.[48] If, on a motion under Rule 12(b)(6) or Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment under Rule 56 and all parties must be given an opportunity to present all the material that is pertinent to the motion.[49]

## B.   *Legal Standard for Summary Judgment Under Federal Rule of Civil Procedure 56*

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[50] When assessing whether a dispute as to any material fact exists, the court

---

[44] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal citations omitted).

[45] *Id*. (internal citations omitted).

[46] *Id*. (internal citations omitted).

[47] *Id*.

[48] *Dueling v. Devon Energy Corp*., 623 F. App'x 127 (5th Cir. 2015).

[49] Fed. R. Civ. P. 12(d).

[50] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[51] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[52] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[53] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[54]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[55] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[56] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[57] The

---

[51] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[52] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[53] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[54] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[55] *Celotex*, 477 U.S. at 323.

[56] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[57] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[58] Rather, a factual dispute precludes a grant of summary judgment only if the evidence presented by the nonmovant is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[59] Further, a court "resolve[s] factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[60] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[61] Ultimately, summary judgment is appropriate in any case "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[62]

## IV. Analysis

Here, Defendants have filed a motion to dismiss under 12(c), or in the alternative, a motion for summary judgment.[63] Whenever the parties present evidence outside the pleadings and treat a motion to dismiss as a motion for summary judgment, the nonmovant is entitled to the procedural safeguards of Rule 56.[64] In the instant matter, Defendants have presented evidence outside the

---

[58] *Little*, 37 F.3d at 1075.

[59] *Anderson*, 477 U.S. at 248.

[60] *Little*, 37 F.3d at 1075.

[61] Fed. R. Civ. P. 56(c)(2); *Martin v. John W. Stone Oil Distrib., Inc*., 819 F.2d 547, 549 (5th Cir. 1987).

[62] *Armstrong v. City of Dallas*, 997 F.2d 62 (5th Cir. 1993).

[63] Rec. Doc. 15.

[64] *See Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith v. Middle South Utilities, Inc*., 847 F.2d 186, 195 (5th Cir. 1988), cert. denied, 488 U.S. 926 (1988)). (procedural safeguards sufficient

pleadings, specifically court records and police reports.[65] Accordingly, the Court will treat Defendants' motion as a motion for summary judgment under Rule 56.

In this litigation, Plaintiff brings a claim for a constitutional violation under Section 1983 for use of excessive force during an arrest.[66] In the instant motion, Defendants argue that there is no dispute of material fact and Plaintiff's claims should be dismissed as a matter of law.[67] Defendants submit that (1) it is not pleaded, and it is not true that former Sheriff Normand participated directly in the subject arrest, (2) it is not pleaded and it is not true that any alleged Constitutional deprivation was motivated by official policy, and (3) Plaintiff's claims otherwise fail because they are *Heck* barred.[68]

### 1. Plaintiff's claims against Sheriff Normand in his individual capacity

In the complaint, Plaintiff alleges that Sheriff Normand violated Section 1983 by "failing to adequately supervise and hire officers who caused the unlawful injuries on my body and person."[69] In the instant motion, Defendants assert that Plaintiff has not met the heightened

---

where district court accepted for consideration matters outside the pleadings and the parties knew that the district court could treat the motion to dismiss as a motion for summary judgment)

[65] *See* Rec. Docs. 15-4, 15-5, 15-6, 15-7. Defendants assert that the documents attached to the instant motion are "public records" and thus do not count as evidence outside the pleadings, but Defendants provide the Court with no further explanation and cite to no authority demonstrating these documents are public record. Rec. Doc. 15-1 at 5–6. As the Court finds that the outcome of this motion under either the Rule 12(c) standard or the Rule 56 standard will ultimately be the same, the Court will proceed to address these documents as evidence presented outside the pleadings.

[66] Rec. Doc. 1 at 1–2.

[67] Rec. Doc. 15-1 at 1.

[68] *Id.* at 1.

[69] Rec. Doc. 1 at 3. Plaintiff brings claims against Sheriff Normand in his official and individual capacity. However, Sheriff Normand is no longer the representative Sheriff for JPSO so Plaintiff may only bring claims against him in his individual capacity.

pleading requirement of Section 1983 as Plaintiff does not allege "specific conduct and actions giving rise to constitutional violations."[70] Defendants assert that "there is no allegation in Plaintiff's Complaint, nor any evidence to suggest that Sheriff Normand participated directly in the alleged use of force," and therefore the claims against Sheriff Normand should be dismissed.[71]

In proceeding with any motion for summary judgment, the Court must determine if there is a genuine dispute of material fact that would preclude summary judgment. Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[72] In this case, the Court must consider whether Plaintiff has sufficiently created a dispute of material fact regarding a constitutional violation for use of excessive force as related to either defendant.[73]

When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[74] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[75] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then

---

[70] *Id.* at 10 (citing *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2003)).

[71] *Id.* at 11–12.

[72] Fed. R. Civ. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322–23.

[73] *See Clark v. Massengill*, 641 F. App'x 418, 420 (5th Cir. 2016); *Saucier,* 533 U.S. at 201 (2001).

[74] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[75] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[76]

The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[77] The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[78]

Here, Defendants have presented court records and police reports supporting their factual account of the arrest and showing that Plaintiff pled guilty to resisting an officer and battery of an officer.[79] Plaintiff has not opposed the instant motion and presents no evidence to support his assertions in the Complaint that Sheriff Normand violated Section 1983 by "failing to adequately supervise and hire officers who caused the unlawful injuries on my body and person" or that Sheriff Normand was personally involved with any conduct that may be construed as excessive force.[80]

The Supreme Court has recognized that the Fourth Amendment provides every citizen with the constitutional right to be free from objectively excessive uses of force during an arrest by law enforcement officers.[81] In the Fifth Circuit, to state a claim for excessive force in violation of the

---

[76] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[77] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[78] *Celotex*, 477 U.S. at 323.

[79] *See* Rec. Docs. 15-4, 15-5, 15-6, 15-7.

[80] Rec. Doc. 1 at 3. In the complaint, Plaintiff states that he claims against Sheriff Normand in individually, and in his capacity as the Sheriff of the Jefferson Parish Sheriff's Office. However, Sheriff Normand is no longer the JPSO Sheriff so Plaintiff may only bring claims against him in his individual capacity.

[81] *See Graham v. Connor*, 490 U.S. 386 (1989); *Giardina v. Lawrence*, No. 07-6578, 2009 WL 1158857, at *3 (E.D. La. Apr. 29, 2009), *aff'd*, 354 F. App'x 914 (5th Cir. 2009).

Fourth Amendment, "a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force which was clearly excessive to the need, the excessiveness of which was (3) clearly and objectively unreasonable, and (4) the action constituted an unnecessary and wanton infliction of pain."[82] However, Plaintiff makes no allegations and presents no evidence showing that Sheriff Normand used excessive force. In the complaint, Plaintiff focuses on the alleged conduct of other officers involved in the incident, albeit without evidentiary support for these claims.[83] Further, Plaintiff does not allege or point to evidence showing how Sheriff Normand failed to supervise officers under his command. Therefore, Plaintiffs allegations are "conclusory" and "unsubstantiated."[84] Plaintiff's claims are better addressed to Sheriff Lopinto, the current Sheriff of JPSO. Therefore, the Court will grant the instant motion as it pertains to Plaintiff's claims against Sheriff Normand and dismiss the claims against him in his individual capacity.

### 2. Plaintiff's claims against Sheriff Lopinto in his official capacity

Plaintiff brings claims against Sheriff Lopinto in his official capacity as the Sheriff for JPSO.[85] Defendants assert that federal law does not allow for vicarious liability under a theory of *respondeat superior*.[86] Instead, Defendants argue that a municipality will be liable only when an official policy or custom inflicts the injury of which the plaintiff complains.[87] Thus, Defendants

---

[82] *Ikerd v. Blair*, 101 F.3d 430, 433–34 (5th Cir. 1996) (citing *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993) (internal quotations omitted)).

[83] *See generally* Rec. Doc. 1.

[84] See *Forsyth*, 19 F.3d at 1537; *Bellard*, 675 F.3d at 460 (internal citations omitted).

[85] Rec. Doc. 1 at 2–3.

[86] Rec. Doc. 15-1 at 12 (citing *Price*, 2002 WL 179193).

[87] *Id.* (citing *Monell*, 436 U.S. at 694).

assert that Plaintiff has the burden of proving that there was a constitutional deprivation and that municipal policy was the driving force behind the constitutional deprivation.[88] Specifically, Defendants argue that Plaintiff fails to prove there was a policy that led to a constitutional deprivation because (1) Plaintiff does not identify any generally applicable statement of policy promulgated by the Sheriff; (2) Plaintiff does not allege or show any pattern of unconstitutional conduct similar to the conduct alleged in this case; and (3) Plaintiff does not plead any facts, nor is there any evidence to suggest that Sheriff Lopinto was deliberately indifferent to a known and obvious need to train any deputies.[89]

With respect to a Section 1983 claim against an entity, no liability exists for governmental entities based on vicarious liability or *respondeat superior*.[90] However, the United States Supreme Court held in *Monell v. Department of Social Services of City of New York* that "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . the government as an entity is responsible under § 1983."[91] Moreover, "[a] § 1983 plaintiff . . . may be able to recover from a municipality without adducing evidence of an affirmative decision by policymakers if able to prove that the challenged action was pursuant to a state 'custom or usage.'"[92] In order to establish a Section 1983 claim against a municipality, the official policy must be the cause and

---

[88] *Id.* (citing *Monell*, 436 U.S. at 694).

[89] *Id.* at 15–16.

[90] *Monell*, 436 U.S. at 694.

[91] 436 U.S. 658, 694 (1978).

[92] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 (1986).

moving force of the constitutional violation.[93] Additionally, the "policymaker must have either actual or constructive knowledge of the alleged policy."[94]

A pattern can be considered tantamount to an official policy if the pattern is "so common and well-settled as to constitute a custom that fairly represents municipal policy."[95] The incidents relied upon must have occurred prior to the alleged misconduct and "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees."[96] The prior incidents must point to the specific violation alleged in the case at bar.[97]

Finally, liability may also exist where the action of the policymaker violated a constitutional right or the policymaker failed to act to control its agents when it was "so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymake[r] ... can reasonably be said to have been deliberately indifferent to the need."[98] Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability.[99] The single incident exception is a

[93] *Monell*, 436 U.S. at 694.

[94] *Cox v. City of Dallas*, 430 F.3d 734, 748–49 (5th Cir. 2005) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)).

[95] *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

[96] *Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.1984) (en banc).

[97] *Peterson*, 588 F.3d at 851 (citing *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 383 (5th Cir.2005)).

[98] *Piotrowski v. City of Houston*, 237 F.3d 567, 571 (5th Cir. 2001) citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984).

[99] *Id*. (citing *Bryan County*, 520 U.S. at 407).

very narrow one that the Fifth Circuit has been reluctant to expand.[100]

Here, Plaintiff's only allegation in the complaint is that Sheriff Lopinto "violated 42 USC § 1983 [sic] for failing to adequately supervise and hire officers who caused the unlawful injuries on my body and person."[101] Plaintiff has not alleged or provided evidence showing a policy, custom or pattern of constitutional violations. Plaintiff has also failed to allege or show that a policymaker was deliberately indifferent to any constitutional violation or related policy. Plaintiff's conclusory allegation does not demonstrate a constitutional violation and does not support culpability or causation in this case. As Plaintiff has failed to make such allegations or present such evidence, the Court will grant the instant motion as it pertains to Sheriff Lopinto in his official capacity and dismiss Plaintiff's claims against him.

### 3. Defendant argues Plaintiff's claims are further barred by the Heck Doctrine

Defendants also argue that Plaintiff's claims are barred by the *Heck* doctrine as they necessarily imply the invalidity of his conviction for resisting arrest and battery of a police officer.[102] Plaintiff was charged with and pled guilty to resisting an officer and battery on an officer during the underlying arrest in this case.[103]

Under *Heck,* when a plaintiff brings a section 1983 claim against the arresting officer, "the district court must first 'consider whether a judgment in favor of the plaintiff would necessarily

---

[100] *See Pineda v. City of Houston*, 291 F.3d 325, 334–35 (5th Cir. 2002) ("Charged to administer a regime without *respondeat superior*, we necessarily have been wary of finding municipal liability on the basis of [the single-incident] exception for a failure to train claim.").

[101] Rec. Doc. 1 at 3.

[102] Rec. Doc. 15-1 at 19.

[103] *See* Rec. Docs. 1, 15-4.

imply the invalidity of his conviction or sentence.'"[104] If so, the claim is barred unless the plaintiff proves that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[105] The court makes its determination by examining the elements of the convicted crime and the elements of the civil cause of action.[106]

In this case, the Court has already found independent grounds upon which to grant summary judgment and dismiss Plaintiff's federal claims. However, Plaintiff's federal claims are also barred by the *Heck* doctrine. In *Walter v. Horseshoe Entertainment*, the Fifth Circuit applied the *Heck* doctrine to an excessive force claim.[107] The Fifth Circuit stated, "We have held that 'a successful claim of excessive force would necessarily undermine a conviction for resisting arrest.'"[108] "A claim of excessive force that is 'temporally and conceptually distinct' from the conviction would not be barred by *Heck*."[109] The Fifth Circuit stated that the plaintiffs' claim for excessive force and convictions for resisting arrest stemmed "from a single interaction."[110] As a result, the plaintiffs' claims for excessive force were barred by *Heck*.[111]

---

[104] *Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000) (quoting *Heck,* 512 U.S. at 487).

[105] *Heck,* 512 U.S. at 487.

[106] *See Connors v. Graves*, 538 F.3d 373 (5th Cir. 2008).

[107] 483 F. App'x 884, 887 (5th Cir. 2012).

[108] *Id.* (quoting *Thomas v. La. State Police*, 170 F.3d 184, 184 (5th Cir. 1999)).

[109] *Id.* (citing *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008)).

[110] *Id.*

[111] *Id.*

Similarly, in *Hudson v. Hughes*, a plaintiff brought a claim for excessive force after he was arrested and convicted of battery of an officer.[112] The Fifth Circuit found that Plaintiff's claim for excessive force was barred because it would "necessarily would imply the invalidity of his arrest and conviction for battery of an officer."[113] The court stated that "the question of whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which if it were, necessarily undermines that conviction."[114]

Here, Plaintiff was charged with the foregoing crimes because of his violent resistance of arrest and battery upon the responding officers, including Canine Doerak. Plaintiff does not allege and presents no evidence that "excessive force" was "temporally and conceptually distinct" from his conviction for resisting an officer and battery on an officer.[115] Therefore, Plaintiff's federal claims would "necessarily" imply the invalidity of the previous convictions if the Court found his actions were reasonable in this situation and the police used excessive force.

Defendants also argue that "any state law claims are barred for the same reason."[116] Plaintiff does not clearly state any state law claims in the Complaint, but to the extent these claims are asserted, they are also barred by the *Heck* doctrine. "'Louisiana follows the rule from Heck and does not allow state law claims to withstand summary judgment if the claims challenge the

---

[112] 98 F.3d 868, 873 (5th Cir.).

[113] *Id.*

[114] *Id.*

[115] *See Walter*, 483 F. App'x at 887.

[116] Rec. Doc. 15-1 at 22.

validity of the underlying criminal conviction.'"[117] Therefore, for the same reasons stated above, any state law claims that necessarily imply the invalidity of the underlying conviction are also barred.

## **V. Conclusion**

Based on the foregoing, the Court finds that there are no issues of material fact in dispute and summary judgment as a matter of law is an appropriate remedy at this stage. Plaintiff has failed to allege or provide evidence of any constitutional violation by Sheriff Normand. Plaintiff has also failed to properly allege or provide evidence of a policy, custom or pattern of constitutional violations by Sheriff Lopinto. Finally, the *Heck* doctrine bars both the federal and state law claims as Plaintiff's claim for excessive force would necessarily undermine his previous convictions and there is no indication that his claim is separated temporally or conceptually from the underlying incident. Therefore, the Court will grant Defendants motion and dismiss all of Plaintiff's claims in this case. Accordingly,

---

[117] *Sheppard v. City of Alexandria*, No. 10-1396, 2012 WL 3961820, at *2 (W.D. La. Sep. 10, 2012); *accord Williams v. Harding*, 117 So.2d 187, 191 (La. Ct. App. 2013) (under Louisiana law, "the *Heck* rationale is equally applicable to [plaintiff's] state law claims for excessive force that necessarily attack the validity of his underlying convictions" (collecting cases)).

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment[118] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this  14th  day of May, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[118] Rec. Doc. 15.